# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES BERRYMAN, | ) Case No. CV 17-7936-JPR |
| | ) |
| Petitioner, | ) ORDER DISMISSING HABEAS PETITION |
| | ) WITHOUT PREJUDICE |
| v. | ) |
| | ) |
| C. KEETON, Warden, | ) |
| | ) |
| Respondent. | ) |

**BACKGROUND**

On October 31, 2017, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody, raising three claims: the trial court erred in failing to declare a mistrial, insufficient evidence supported his convictions, and some unidentified person "fail[ed] to testify at preliminary hearing." (Pet. at 5-6.)[1] On November 30, 2017, he moved for a stay under Rhines v. Weber, 544 U.S. 269, 277 (2005), to exhaust claims of

---

[1] For nonconsecutively paginated documents, the Court uses the pagination generated by its Case Management/Electronic Case Filing system.

1

"[a]ctual [i]nnocence," ineffective assistance of trial and appellate counsel, "[i]llegal [s]entencing," "[i]llegal [s]earch and [s]eizure," and unspecified "prosecutorial and judicial" misconduct. (Mot. Stay at 3.) On September 24, 2018, after finding that two of the Petition's claims had not been exhausted in state court, the Court denied a Rhines stay and conditionally dismissed the Petition as mixed unless Petitioner elected to proceed solely on his one exhausted claim or moved for a stay under Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), overruled on other grounds by Robbins v. Carey, 481 F.3d 1143, 1149 (9th Cir. 2007), by agreeing to dismiss his two unexhausted claims. On November 5, 2018, Petitioner filed a document in which he purports to request a Kelly stay but actually asks for reconsideration of the Court's denial of a Rhines stay. (See Mot. Stay at 1 ("Petitioner Motions This Court to Grant His Previous Motion to Stay All the Proceedings"), 14; see also generally id. at 3-4, 8-10.) He nowhere agrees to dismiss his unexhausted claims. Respondent filed opposition to the stay motion on December 20, 2018, arguing that a Kelly stay was not warranted because claims one and three are untimely, do not relate back to the Petition's exhausted claim two (see Opp'n at 4-9), and are plainly meritless (see id. at 9-10). Petitioner did not file a reply.

Nearly a year and a half after it was filed, the Petition remains partially unexhausted and Petitioner still has not raised both his unexhausted claims in state court. Because he has provided no valid basis for the Court to revisit its September 24, 2018 Order or grant any type of stay, his motion is DENIED

2

and the Petition is DISMISSED WITHOUT PREJUDICE.

**DISCUSSION**

**I.   Reconsideration of a <u>Rhines</u> Stay Is Not Warranted**

Reconsideration of a prior order requires that a petitioner demonstrate at least one of three things:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

C.D. Cal. R. 7-18; <u>see also</u> <u>Morrisett v. Felker</u>, No. CV 07-06270 MMM (AN)., 2009 WL 3672914, at *1 n.9 (C.D. Cal. Oct. 30, 2009) (finding that habeas petitioner had not shown basis for reconsideration of Magistrate Judge's denial of <u>Rhines</u> stay). Petitioner does not explicitly state on what basis he seeks reconsideration of the Court's Order denying a <u>Rhines</u> stay, but he appears to attempt to show that the Court failed to consider material facts.

Petitioner argues that "the bar has been overcome" for a <u>Rhines</u> stay because he is "without counsel." (Mot. Stay at 10); <u>see also</u> <u>Dixon v. Baker</u>, 847 F.3d 714, 719-20 (9th Cir. 2017) (stating that lack of counsel in state habeas proceedings generally establishes "good cause"). But the Court already

considered and properly rejected Petitioner's assertion that he had established "good cause" for that reason. (See ECF No. 24 at 17.) As Petitioner notes (Mot. Stay at 10), the Court acknowledged that he initially may have had good cause for his failure to exhaust because he was unrepresented in his state habeas proceedings. But Respondent's January 2, 2018 motion to dismiss put him on notice that claims one and three were unexhausted. (See Mot. Dismiss, Mem. P. & A. at 4.) And yet Petitioner did not make any effort in the subsequent nine-plus months leading up to the Court's September 24 Order to exhaust either claim despite the Court's having advised him in 2017 that nothing prevented him from immediately returning to state court to attempt to do so. (See ECF No. 24 at 2, ECF No. 11.)

Petitioner claims that despite the Court's finding that he was on notice of his Petition being mixed as of January 2, 2018, he in fact "did not learn of . . . claims [one and three] being in error [until] much later." (Mot. Stay at 12.) He doesn't allege when or how he so learned, but at least as of May 10, 2018, in his reply to Respondent's combined opposition to his first stay motion and motion to dismiss, he admitted that claims one and three were "in error" and "unexhausted." (Reply at 2, 4-5.) Now, however, he claims that the Court and Respondent made an "oversight" in assuming that he had not raised them in state court because he could have raised one or both in state-court filings not included in the record.[2] (Mot. Stay at 5.) In fact,

---

[2] He also refers the Court to Lodged Document 9 at pages 19 to 40 (see Mot. Stay at 5), but that is simply his state petition for review raising state-law versions of his unexhausted claims.

4

the Court pointed out that that was possible but determined that it was not likely based on subsequent filings in the record. (See ECF No. 24 at 4 n.3.) In any event, Petitioner does not point to any evidence that would change the Court's determination.

Without explaining why he delayed at least six months, Petitioner apparently returned to the superior court on November 29, 2018, and filed a habeas petition attempting to federalize claim one and purporting to raise claim three. (See Pet'r's Lodged Doc. 1); see also Online Servs., Super. Ct. of Cal., Cnty. of L.A., http://www.lacourt.org/criminalcasesummary/ui (search for case number MA056720) (last visited Apr. 22, 2019).[3] Regardless of whether he properly federalized claim one, the "[c]laim [t]hree" he has newly raised in the superior court does not share a factual or legal basis with claim three of the Petition. (Compare Pet'r's Lodged Doc. 1 at 8 (stating that "prosecutor committed misconduct" by, among other things, "commenting on three defense witness [sic] failure to testify at the preliminary hearing"), with Pet. at 6 ("failure [of unspecified person] to testify at the preliminary hearing . . . pre[judiced] [Petitioner] from receiving a fair trial and due process"), and Reply at 2 (specifying that his own failure to

---

[3] The Court does not have a file-stamped copy of this petition. The attached proof of service indicates that copies of the petition were sent to this Court and the superior court at the same time. (See Pet'r's Lodged Doc. 1 at 11.) The superior court appears to have taken some action on April 2, 2019, but the record does not indicate what that action was. See Online Servs., Super. Ct. of Cal., Cnty. of L.A., http://www.lacourt.org/criminalcasesummary/ui (search for case number MA056720) (last visited Apr. 22, 2019).

5

testify violated his rights));[4] see Kelly, 315 F.3d at 1069 (prosecutorial-misconduct claim remained unexhausted when state-court petitions lacked "thorough description of the operative facts"); Duncan v. Henry, 513 U.S. 364, 366 (1995) ("mere similarity of claims is insufficient to exhaust"); Pedrin v. Ryan, No. CV-11-150-TUC-DCB-DTF., 2012 WL 3962755, at *4 (D. Ariz. June 20, 2012) ("Petitioner's state court allegations regarding some of the facts underlying [federal] claim" were "not sufficient to exhaust the distinct legal claim of prosecutorial misconduct" when he never raised that claim in state court), accepted by 2012 WL 3962749 (D. Ariz. Sept. 11, 2012). And Petitioner has not attempted to bring either of his unexhausted claims to the state court of appeal or supreme court. See Cal. App. Cts. Case Info., http://appellatecases.courtinfo.ca.gov/ (search for "James" with "Berryman" in supreme court and second appellate district) (last visited Apr. 22, 2019). Thus, his Petition remains mixed and subject to dismissal for the reasons discussed in the Court's September 24 Order.

Petitioner claims that his actual innocence warrants a stay. (See Mot. Stay at 11.) But actual innocence has no bearing on his failure to exhaust his other claims in state court. "Before

---

[4] The prosecutor commented at trial that three defense witnesses failed to testify at the preliminary hearing, but he did not remark on Petitioner's failure to testify. (See Lodged Doc. 2, 7 Rep.'s Tr. at 2197, 2405-10; see also id. at 2706-08.) Thus, the operative facts underlying the prosecutorial-misconduct claim are not the same as those underlying the Petition's "failure to testify" claim. (See Pet. at 6, Reply at 2); see also Davis v. Silva, 511 F.3d 1005, 1008-09 (9th Cir. 2008) (noting that exhaustion requires petitioner to present both operative facts and federal legal theory in state court).

6

a federal court may consider the merits of a state petitioner's petition for a writ of habeas corpus, the prisoner generally must first exhaust his available state court remedies." Smith v. Baldwin, 510 F.3d 1127, 1137-38 (9th Cir. 2007) (en banc). But if a petitioner is "procedurally barred" from doing so, then his claims "are considered procedurally defaulted for purposes of federal habeas review," id. at 1138, and he'll have met "the technical requirements for exhaustion," id. at 1139 (citing Coleman v. Thompson, 501 U.S. 722, 733 (1991)). In that circumstance, his actual-innocence claim becomes relevant as a mechanism for evading the procedural bar. See Smith, 510 F.3d at 1139-40.

Here, however, nothing indicates that the state court would necessarily consider Petitioner's unexhausted claims procedurally barred. Thus, his failure to exhaust remains unexcused, and his actual-innocence claim is beside the point.

Even if Petitioner's claims were procedurally barred, thereby rendering them exhausted by default, he would not be entitled to a stay based on his claim of actual innocence. Cf. McQuiggin v. Perkins, 569 U.S. 383, 392 (2013) (stating that under "fundamental miscarriage of justice" exception, habeas petitioner may pursue claims of actual innocence on merits "notwithstanding the existence of a procedural bar to relief"). To overcome a procedural bar, a petitioner must provide "new reliable evidence . . . that was not presented at trial," Schlup v. Delo, 513 U.S. 298, 324 (1995); see also id. at 317, 327-28, and demonstrate that "'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted

him,'" <u>Bousley v. United States</u>, 523 U.S. 614, 623 (1998) (quoting <u>Schlup</u>, 513 U.S. at 327-28). The <u>Schlup</u> standard is "demanding." <u>Perkins</u>, 569 U.S. at 386 (citation omitted); <u>cf.</u> <u>Bousley</u>, 523 U.S. at 623 (noting that in context of collateral review, actual innocence "means factual innocence, not mere legal insufficiency").

As the Court noted in its September 24 Order, Petitioner unsuccessfully raised actual-innocence claims in at least two state-habeas petitions. (<u>See</u> Lodged Doc. 11 at 3; Lodged Doc. 14 at 3-4.) He now directs the Court's attention to a medical record that he contends shows his "inability to physically commit these acts of robbery" (Mot. Stay at 6), but the one-page record he attaches includes no information other than an unsupported 2011 diagnosis of "minor ailments" requiring no followup care (<u>id.</u> at 42). Letters from his former counsel remarking on his supposed "physical limitations" are similarly unavailing; his lawyer writes that she is "not sure if there is sufficient evidence to support a petition." (<u>Id.</u> at 64; <u>see also</u> <u>id.</u> at 65, 70.) And the photographs he attaches to prove that he "is not the person in the bank the day of the robbery" (<u>id.</u> at 6-7; <u>see also id.</u> at 54-60) are not "new" evidence; they were introduced by the prosecution at trial (<u>see, e.g.</u>, Lodged Doc. 1 at 20, 23, 30, 38). Likewise, a letter from his mother dated June 27, 2016, purporting to provide an explanation of his alibi (<u>see</u> Mot. Stay at 72-73) is not "new." <u>See</u> <u>Chestang v. Sisto</u>, 522 F. App'x 389, 391 (9th Cir. 2013) (newly acquired witness declaration not sufficiently "new" to support actual innocence because contents were within defendant's knowledge at time of trial and no

explanation was given for not introducing it sooner).

Although Petitioner suggests that he needs more time to present his evidence of actual innocence, he doesn't explain how more time would assist him, and no such explanation is apparent to the Court. (See Mot. Stay at 11.) Thus, he has not met the high standard demanded by Schlup, 513 U.S. at 316, and his request for reconsideration of a Rhines stay is denied.

**II.  Petitioner Does Not Request a Kelly Stay**

Petitioner also alleges that the Court erred in giving him only two options to avoid dismissal under Kelly, claiming that "in fact the (Kelly procedure) has a 'thre[e] step procedure.'" (Mot. Stay at 2; see also id. at 9, 14.) But as the Court properly explained, Petitioner had two options to avoid dismissal under Kelly:

> First, he may request voluntary dismissal of his unexhausted claims of trial-court error in failing to declare a mistrial (claim one) and due process violations arising from his failure to testify at the preliminary hearing (claim three) and elect to proceed only on his exhausted sufficiency-of-the-evidence claim (claim two). . . .
>
> Second, if Petitioner formally so requests, the Court may permit him to voluntarily dismiss the unexhausted claims and hold the fully exhausted amended petition in abeyance under Kelly while he attempts to exhaust claims one and three and any other unexhausted claims he may wish to pursue.

(ECF No. 24 at 22.)  Petitioner is correct that a Kelly stay, which is the second option, generally involves three steps: 1) a petitioner voluntarily dismisses any unexhausted claims, 2) the Court stays the amended, fully exhausted petition while the petitioner returns to state court to exhaust the voluntarily dismissed claims, and 3) the petitioner requests to amend the petition to include his newly exhausted claims.  King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2003).  Petitioner suggests that the Court "left out" "one option" (Mot. Stay at 14; see also id. at 2, 9), apparently referring to the third step of the Kelly stay procedure (see id. at 9), but that is incorrect.  The Court specifically advised Petitioner that "[i]f the Court grants the Kelly stay, then once the claims have been exhausted, Petitioner may request to amend them back into the Petition."  (ECF. No. 24 at 23.)

Petitioner implies that he would be willing to dismiss his unexhausted claims if he could be guaranteed that he would be allowed to amend them back into his Petition at a later date (see Mot. Stay at 14), but as the Court previously explained to him (ECF No. 24 at 22-23), that is not how a Kelly stay works: Petitioner would have to show that the claims were timely or related back to the exhausted claim in the Petition before he would be allowed to amend them back into it.  See Mayle v. Felix, 545 U.S. 644, 662-63 (2005).

The Court properly advised Petitioner in its earlier decision of the two possible ways of avoiding dismissal.  (See ECF No. 24 at 22.)  He has opted not to pursue either, instead requesting reconsideration of the Court's denial of a Rhines stay

10

or, in the alternative, a type of stay that does not exist under Kelly. Accordingly, his Petition remains mixed and must be dismissed.

Because Petitioner has not agreed to dismiss his unexhausted claims and proceed under Kelly, the Court need not consider Respondent's arguments concerning why a Kelly stay is not warranted.

**ORDER**

For all these reasons, reconsideration of Petitioner's stay request is DENIED and his Petition is DISMISSED WITHOUT PREJUDICE to its refiling once all its claims have been exhausted. The Court takes no position on whether any subsequently filed federal habeas petition would be untimely or otherwise procedurally barred.

DATED: April 22, 2019

JEAN ROSENBLUTH
U.S. MAGISTRATE JUDGE